DocuSign Envelope ID: A7A6F542-AA4F-481C-BC29-32826C00AF90

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA    2016 JUL 29  A 10: 08
Alexandria Division

CLE_K U. E. RI_T COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| European Performance Engineering, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1: 16CV982 |
| | ) | |
| John Doe | ) | |
| | ) | |
| and | ) | |
| | ) | |
| <EPE.COM> | ) | |
| | ) | |
| Defendants. | ) | |

## Verified Complaint

Comes now the Plaintiff European Performance Engineering, Inc. by and through its

counsel, and files this complaint against John Doe and the domain <EPE.COM>.

I.    Nature of The Suit

1.    This is an action for violation of the Anticybersquating Consumer Protection Act,

15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 as well as relief

pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

2.    The Plaintiff is seeking an injunction and other equitable relief as a result of the

actions of the Defendant John Doe who gained unauthorized access to the Plaintiff's account at

the Plaintiff's registrar, Network Solutions, on a protected computer, and used this access to

transfer control of the Defendant Domain Name from the Plaintiff's account and therefore

disabled the Plaintiff's ability use and control its domain name causing irreparable injury to the

Plaintiff.

1

DocuSign Envelope ID: A7A6F542-AA4F-481C-BC29-32826C00AF90

II.    The Parties

3.      The Plaintiff, European Performance Engineering, Inc. (hereinafter "the Plaintiff"), is a Massachusetts Corporation with a principal place of business at 165 West Central Street, Natick, Massachusetts 01760.

4.      Upon information and belief the Defendant John Doe (hereinafter "Defendant Doe") is a resident of the Ukraine, although the location information provided is misleading and incomplete suggesting deception on the part of the registrant.[1]

5.      The registry for the Defendant Domain Nam, the *res* of this *in rem* action, is Verisign, Inc, located within this judicial district.[2]

III. Jurisdiction and Venue over the Subject Matter of this Action

6.      This action arises out of the Defendants violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

7.      This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A), insofar as the registry for domain name is located within this judicial district.   This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

---

[1] It appears from the WHOIS records that the thief took control of the domain some time ago but made only small changes to the record, a common practice, before taking complete control.

[2]  Verisign, Inc.'s primary place of business is 21355 Ridgetop, Circle - Lakeside III, Dulles, Virginia 20166 within this judicial district.

DocuSign Envelope ID: A7A6F542-AA4F-481C-BC29-32826C00AF90

8.    Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registry, Verisign, Inc. has its principal places of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. §1391(b)(2) as the subject of the action resides in this district.

9.    The Defendant Doe directed the acts complained of towards the district and utilized instrumentalities in the district in that the Defendant gained unauthorized access to the Plaintiff's domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration record maintained by Verisign for the Defendant Domain Name to be altered so as to transfer control of the Defendant Domain Name away from the Plaintiff.

10.    The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

IV.    Notice

11.    Pursuant to ACPA § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint is being sent to the Defendant at the postal and email address on the current WHOIS records as set forth above as well as to the postal and email address previously identified by the Defendant. Further, notice is being provided to the transferees of the Defendant Domain Name, although the Plaintiff suspects the transferees and the thief are the same individual.

12.    Plaintiff is providing such notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. § 1125(d2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action as the court may direct after filing of this Complaint.

3

DocuSign Envelope ID: A7A6F542-AA4F-481C-BC29-32826C00AF90

V.      Factual Background

13.     On October 28, 1995 the Plaintiff purchased <EPE.COM> and maintained registration through October 27, 2018.   (See Exhibit 01.)

14.     On or before March 21, 2016 Defendant Doe gained unauthorized access to the Plaintiff's domain management account and, without authorization, changed the registrant name. (See Exhibit 02).   The Defendant Doe made no other changes to the registration record at that time, a common practice among domain thieves, until on or about June 30, 2016 when the registrant name was changed to Oleksandr Shapoval and shortly thereafter changed the registrant's name again to Wang Zheng.[3]   (See Exhibits 3 and 4.)

15.     Defendant Doe, has taken control of the Plaintiff's domain name without the authorization of the Plaintiff.

16.     The Plaintiff has, for Thirty years, used the business name associated with the subject domain name for its automobile repair facility and has developed substantial goodwill associated with the subject domain name.

17.     Defendant Doe has taken control of the Plaintiff's domain name and diverted the Plaintiff's business and goodwill to his own benefit, and has control of the Plaintiff's emails with customers, all of which is causing substantial harm to the Plaintiff's business, and will continue to cause such harm unless enjoined.

18      Over the many years of ownership of the Defendant Domain Name, the Plaintiff has used the Defendant domain name in commerce and has common law rights in the subject mark, <EPE.COM>.

---

[3]   The Plaintiff believes these to both be pseudonyms for the thief.

DocuSign Envelope ID: A7A6F542-AA4F-481C-BC29-32826C00AF90

19.     Defendant Doe's actions are in violation of these aforementioned rights of Plaintiff.

20.     The Plaintiff maintains a domain name management account at Network Solutions.

21.     The Plaintiff's domain name management account at Network Solutions is maintained on a protected computer system and access to the account should be restricted only to that person with the Plaintiff's username and password.

22.     On or before March 21, 2016 Defendant gained unauthorized access to the Plaintiff's domain name management account at Network Solutions and subsequently altered the domain registration record for the Defendant Domain Name.

23.     Defendant Doe has taken control of the Defendant Domain Name with the intent to redirect the Plaintiffs customers from web sites controlled by the Plaintiff to web sites controlled by the Defendant.

24.     Defendant Doe has taken control of the Defendant Domain Name with the intent to redirect the Plaintiffs customers to the Defendant.

25.     Defendant Doe has taken control of the Defendant Domain Name with the intent to resell the Defendant Domain Name to the public for financial gain without relation to use of the domain name in the bona fide offering of any good or services.

26.     Defendant Doe has taken control of the Defendant Domain Name with the intent to damage the good reputation and good will which the Plaintiff has built in the Defendant Domain Name over many years.

DocuSign Envelope ID: A7A6F542-AA4F-481C-BC29-32826C00AF90

27. Defendant Doe's registration and use of the Defendant Domain Name is without the Plaintiff's authorization.

28 Defendant Doe has no intellectual property rights in the Subject Domain Name.

29. Defendant Doe provided materially false and misleading contact information in the domain name registrations for the Subject Domain Name.

30. Defendant Doe's actions are in violation of these aforementioned rights of Plaintiff.

VI. Causes of Action

Count I
Claim for Declaratory Judgment

31. Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

32. Plaintiff had a contract with Network Solutions for many years and has maintained uninterrupted control over the Defendant Domain Name since it was purchased by Plaintiff.

33. Defendant Doe's actions have taken control of the Defendant Domain Name from the Plaintiff.

34. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

Count II
Anticybersquating Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(d)

35. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

DocuSign Envelope ID: A7A6F542-AA4F-481C-BC29-32826C00AF90

36.     The Plaintiff has owned the Defendant Domain Name for many years, has used it to both promote its businesses and has common law rights in the mark.

37.     Defendant Doe's actions constitute registration, trafficking, or use of a domain name that is identical to the Plaintiff's trademark with bad faith intent to profit therefrom.

38.     The Plaintiff, because of Defendant Doe's actions, is being prevented from using and exercising control over the Defendant Domain Name.

39.     The Plaintiff is being harmed, and will continue to be harmed, through the loss of prospective traffic to its business, loss of business and loss of prospective business opportunities unless the Defendant Doe is enjoined.

40.     The Plaintiff's business reputation and standing is at risk from posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with its domain name.

41.     The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

42.     The above described conduct of the Defendant registrant of the Defendant Domain Name constitutes unlawful cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S. C. § 1125(d)(1).

43.     The above described conduct by Defendant Doe has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with its domain name.   Unless permanently enjoined by this Court, said irreparable harm will continue.

7

DocuSign Envelope ID: A7A6F542-AA4F-481C-BC29-32826C00AF90

Accordingly, pursuant to 15 U.S. C. § 1125(d)(2)(D)(i), the Plaintiff is entitled to an order transferring the Defendant Domain Name registration to the Plaintiff.

## Count III
### Tortuous Interference with Contractual Relationship

44.     Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

45.     Plaintiff properly entered into contracts with Network Solutions, the registrar for the Defendant Domain Name before the Defendant Domain Name were stolen.

46.     Defendant Doe has unlawfully taken control of the Defendant Domain Name, interfering with Plaintiff's lawful contract rights to the Defendant Domain Name.

47.     As a result of Defendant Doe's acts, the Plaintiff has been damaged and will continue to be damaged.   The Plaintiff requests that this Court declare Defendant Doe liable for its past and any future losses in association with the registration service contract.

## Count IV
### Conversion

48.     The Plaintiff repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

49.     The Plaintiff has property rights in the Defendant Domain Name.

50.     Defendant Doe has taken control of the Defendant Domain Name and is wrongfully exercising control and authority over the Defendant Domain Name.

51.     The control and authority exercised by Defendant Doe deprives the Plaintiff of control and the income and business generated from the Defendant Domain Name.

8

DocuSign Envelope ID: A7A6F542-AA4F-481C-BC29-32826C00AF90

52.     Defendant Doe is wrongfully exerting dominion over the Plaintiff's property in denial of its rights.

Count V
Violation of the Computer Fraud and Abuse Act

56     The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

57.     The Defendant knowingly and intentionally accessed the Plaintiff's domain name management system on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)(C).

58.     The Defendant knowingly, and with intent to defraud, accessed the Plaintiff's domain name management system on a protected computer without authorization and obtained information from that computer which the Defendant used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

59.     The Defendant intentionally accessed the Plaintiff's domain name management system on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(C).

60.     The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000.

61.     As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

9

DocuSign Envelope ID: A7A6F542-AA4F-481C-BC29-32826C00AF90

WHEREFORE, The Plaintiff respectfully requests of this court:

I.     That judgment be entered in favor of the Plaintiff on its claims for violation of the Anticybersquating Consumer Protection Act; and

II.     That judgment be entered in favor of the Plaintiff on its claims for violation of the Computer Fraud and Abuse Act; and

III.     Enter an order declaring that the Plaintiff European Performance Engineering, Inc. is the only entity with any rights to the contracts controlling the Defendant Domain Name; and

IV.     Enter an order declaring that the Defendant Doe does not have any rights to the Defendant Domain Name; and

V.     Enter an order directing that the Defendant Domain Name be promptly transferred to Plaintiff; and

VI.     Enter an Order directing Verisign to promptly return control of the Defendant Domain Name to the Plaintiff, European Performance Engineering, Inc. and the registrar as directed by counsel for the Plaintiff; and

VII.     Award the Plaintiff its fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

VIII.     Enter a preliminary and permanent injunction returning control of the subject domain name to the Plaintiff; and

DocuSign Envelope ID: A7A6F542-AA4F-481C-BC29-32826C00AF90

IX.     That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

Dated: July, 29 , 2016.

Respectfully Submitted,

European Performance Engineering, Inc.

By counsel

Verification

I hereby state under penalty of perjury that the foregoing factual statements are true and correct to the best of my knowledge, information and belief.

7/29/2016

_____
Date

European Performance Engineering, Inc.
By Gerald Pellegrino, President

_____
Jonathan Westreich, Esq.
VSB No. 37393
Greenberg & Lieberman, LLC (of counsel)
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

and

Stevan Lieberman, Esq.
Greenberg & Lieberman, LLC
1775 Eye Street NW, #1150
Washington, D.C. 20006
(202) 625-7000, Fax: 202-625-70001
Stevan@aplegal.com

Counsel to European Performance Engineering, Inc.

11