IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EUROPEAN PERFORMANCE ENGINEERING, INC., ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil No. 1:16-cv-00982-LMB-MSN |
| JOHN DOE, et al., ) ) | |
| Defendants. ) ) | |

**REPORT & RECOMMENDATIONS**

This matter is before the Court on Plaintiff European Performance Engineering, Inc.'s Motion for Default Judgment (ECF No. 17), pursuant to which Plaintiff seeks an order transferring to Plaintiff control of the domain name EPE.COM ("Defendant Domain Name"). Having reviewed the record, the undersigned makes the following findings and recommends entering default judgment in Plaintiff's favor.

**I.    Background**

Plaintiff European Performance Engineering, Inc. is an automobile repair facility that purchased the domain name EPE.COM on October 28, 1995. Compl. ¶¶ 13, 16 (ECF No. 1). Plaintiff entered into a contract with Network Solutions, LLC to register the domain name through October 27, 2018. *Id.* ¶¶ 2, 20, 32, 45. Plaintiff claims it has used its business name in connection with the domain name, EPE.COM, for thirty years. *Id.* ¶ 16. As a result, Plaintiff claims to have developed "substantial goodwill associated with the subject domain name." *Id.* Plaintiff has used the domain name in commerce, gaining common law rights in the subject mark, EPE.COM. *Id.* ¶ 18.

Plaintiff alleges that on or before March 21, 2016, Defendant John Doe gained unauthorized access to Plaintiff's domain management account at Network Solutions and changed the registrant name without authorization. *Id.* ¶¶ 4, 14, 22. On or about June 30, 2016, Defendant Doe changed the registrant name to Oleksandr Shapoval and then to Wang Zheng, which Plaintiff believes are Defendant's aliases. *Id.* Defendant Doe also provided "materially false and misleading contact information" when registering the domain name. *Id.* ¶ 29.

Through unauthorized use of the domain name, Defendant Doe has knowingly gained control of Plaintiff's emails with customers with the intent to redirect Plaintiff's customers to Defendant Doe, resell the domain name for financial gain, and damage Plaintiff's business reputation and good will. *Id.* ¶¶ 17, 23-27.

On July 29, 2016, Plaintiff filed suit under the Anti-cybersquatting Consumer Protection Act ("ACPA") in an effort to regain control of the domain name.[1] *Id.* at 6-8. Plaintiff moved for a preliminary injunction, which this Court granted. *See* Order (ECF No. 12); *see also* Pl.'s Mot. for a Prelim. Inj. (ECF No. 6); Mem. of Law in Supp. (ECF No. 8). Plaintiff now seeks an injunction "and other equitable relief." Compl. ¶ 2.

Seeking to proceed *in rem* against the Defendant Domain Name pursuant to the ACPA, Plaintiff obtained an order from the Court (ECF No. 9) granting Plaintiff leave to serve process by email and publication. Plaintiff certified its compliance with that order on August 11, 2016.[2] *See* Notice (ECF No. 11); *see also* Mot. for Leave to Serve Process by Email & Publication (ECF No. 2); Mem. of Law in Supp. of Mot. (ECF No. 4).

---

[1] Plaintiff also brought a number of other claims against "John Doe" individually which are not before the Court on the present Motion, and which Plaintiff requests be dismissed without prejudice should the Court grant its Motion. *See* Mot. for Entry of Default J. 2 (ECF No. 17); Mem. in Supp. of Mot. 3 (ECF No. 18).
[2] The Notice indicates that process was also served via United States mail. *See* Notice 2 (ECF No. 11).

2

When no interested party responded, the Clerk of the Court entered default as to EPE.COM. *See* Clerk's Entry of Default (ECF No. 16). Plaintiff filed the instant Motion on August 30, 2016. The defendant did not appear at the September 9, 2016 hearing held on the Motion, and the undersigned took the matter under advisement.

## II. Jurisdiction and Venue

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) because it involves a federal question arising under the ACPA, 15 U.S.C. § 1125(d). The Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A) because Plaintiff alleges infringement of its trademark rights, Plaintiff has been unable to determine the identity of the Defendant Domain Name's registrant(s), and Verisign—the registry of the Defendant Domain Name—is located in this District. *See* Compl. ¶ 5. Venue is proper under 15 U.S.C. § 1125(d)(2)(C) due to Verisign's presence in this District.

## III. Service of Process

A plaintiff bringing an *in rem* action under the ACPA may serve process by 1) sending notice of the lawsuit to the listed email and physical addresses of the domain name registrant, and 2) publishing notice of the action as directed by the court. 15 U.S.C. § 1125(d)(2)(A)(ii). Plaintiff obtained leave of the Court to proceed in this manner, *see* Order (ECF No. 9), and has certified that it complied with these procedural requirements. *See* Notice; *see also* Mot. for Leave to Serve Process by Email and Publication (ECF No. 2); Mem. of Law in Supp. of Mot. (ECF No. 4). Plaintiff has therefore adequately served process pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii) as to the Defendant Domain Name EPE.COM.

IV.     **Standard**

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Here, as no defendant has answered or otherwise timely responded, the well-pled allegations of fact in the Complaint are deemed admitted.

V.      **Discussion and Findings**

A plaintiff bringing an *in rem* action under the ACPA against a domain name must demonstrate that the domain name in question infringes the plaintiff's trademark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also id*. § 1125(d)(2)(A)(i). This requirement can be satisfied by infringement of a plaintiff's common law right in an unregistered trademark. *See id*. § 1125(d)(2)(A)(i); *see also Traffic Names, Ltd.*, 2015 WL 2238052, at *4.

Plaintiff sufficiently alleges that it possesses common law trademark rights in the Defendant Domain Name. Among other things, Plaintiff alleges that it has "used the business name associated with the subject domain name" for thirty years and "has developed substantial goodwill associated with the subject domain name." Compl. ¶ 16. While Plaintiff's allegation that it has developed "common law rights" in the domain name, *see, e.g., id*. ¶¶ 18, 36, is a legal rather than a factual contention and so need not be accepted as true for purposes of the instant

Motion, Plaintiff has pled facts to support that finding. Accordingly, "Plaintiff's registration of the . . . [domain name] and use of [it] in business since that registration establishes [its] common law rights in the marks." *Traffic Names, Ltd.*, 2015 WL 2238052, at *4.

Having established that Plaintiff possesses trademark rights that bring this case within the ACPA's ambit, the next question "is whether [the domain name's current registrant] . . . registered, trafficked in, or used a domain name . . . that is identical or confusingly similar to" Plaintiff's trademark. *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 270 (4th Cir. 2001); 15 U.S.C. § 1125(d)(1)(A)(ii). There can be little doubt that such is the case here. The Defendant Domain Name is not merely similar to Plaintiff's common law trademark, but is Plaintiff's own domain name re-registered by another individual. *See* Compl. ¶¶ 22, 27; *see also Traffic Names, Ltd.*, 2015 WL 2238052, at *5.

Finally, the ACPA requires—at least under some circumstances—a showing of bad faith on the part of an infringing domain name's registrant. *See* 15 U.S.C. § 1125(d)(1)(A)(ii). Decisions by this Court and the Fourth Circuit have called into question whether a showing of bad faith is required in an *in rem* action such as this. *See, e.g.*, *Globalsantafe Corp. v. Globalsantafe.Com*, 250 F. Supp. 2d 610, 616 (E.D. Va. 2003) ("a showing of bad faith is not required in an *in rem* trademark infringement action under the ACPA"); *see also Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 228-31 (4th Cir. 2002). Regardless, the circumstances of this case, in which an unknown individual hacked into Plaintiff's Network Solutions account and misappropriated the domain name to which he or she has no legal right, dictate a finding of bad faith as a matter of common sense. Moreover, Plaintiff pleads facts regarding actions taken by the current registrant of the Defendant Domain Name that demonstrate bad faith pursuant to the factors enumerated in 15 U.S.C. § 1125(d)(1)(B)(i). *See*

Compl. ¶¶ 17, 23-27.

In light of the above, Plaintiff has established that it is entitled to relief under the ACPA. Remedies in an *in rem* action under the ACPA are limited to "forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(2)(D)(i). Plaintiff requests the latter, seeking an order directing Verisign to transfer the Defendant Domain Name back to Plaintiff's control. *See* Mem. in Supp. of Mot. 1 (ECF No. 18). Plaintiff also asks that the Court dismiss its remaining claims without prejudice. *See id*. at 3. In light of the foregoing, Plaintiff is entitled to the requested order.

## VI.   Recommendation

In sum, the undersigned recommends:

1) Entering default judgment in Plaintiff's favor as to Plaintiff's claim under the ACPA against EPE.COM;

2) Dismissing the remainder of Plaintiff's claims without prejudice; and

3) Issuing an order including the following language specified by Plaintiff in its Motion directing Verisign to return control of the domain name to Plaintiff:

> It is hereby Ordered, as further relief in this matter, that the Registry of Record, being Verisign or some other Registry, shall promptly change the registrar for the domain name EPE.COM, as directed by Plaintiff's Counsel; and it is further
>
> Ordered that the registrar of the domain name listed in the previous paragraph of this Order shall place the referenced domain name in the account as directed by Plaintiff's Counsel.

## VII.   Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendations to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendations must be filed within

fourteen (14) days of service on you of this Report and Recommendations. Failure to file timely objections to this Report and Recommendations waives appellate review of the substance of the Report and Recommendations and waives appellate review of a judgment based on this Report and Recommendations.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

September 9, 2016
Alexandria, Virginia